No. 16-11804

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

**CHRISTY L. WILLIAMS,**
**Plaintiff - Appellant,**

**v.**

**TARRANT COUNTY COLLEGE DISTRICT,**
**agent of Tarrant County College,**
**Defendant - Appellee.**

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
CIVIL ACTION NO. 4:15-CV-241

_____

**BRIEF ON BEHALF OF AMICI CURIAE AARP, AARP FOUNDATION,**
**DISABILITY RIGHTS TEXAS, AND THE**
**NATIONAL EMPLOYMENT LAWYERS ASSOCIATION**
**SUPPORTING APPELLANT CHRISTY WILLIAMS**

BRIAN EAST
Texas Bar No. 06360800
DISABILITY RIGHTS TEXAS
2222 W. Braker Ln.
Austin, TX 78758
(512) 454-4816 (Phone)
(512) 454-3999 (Fax)
beast@disabilityrightstx.org

DARA S. SMITH
DANIEL B. KOHRMAN
WILLIAM ALVARADO RIVERA
AARP FOUNDATION LITIGATION
601 E. Street, NW
Washington, DC 20049
(202) 434-6280 (Phone)
dsmith@aarp.org

MATT KOSKI
NATIONAL EMPLOYMENT LAWYERS ASSOCIATION
2201 Broadway, Suite 402
Oakland, CA 94612
(415) 296-7629 (Phone)
mkoski@nelahq.org

*Attorneys for Amici Curiae*

## CERTIFICATE OF INTERESTED PERSONS

(1)    No. 16-11804; *Christy L. Williams v. Tarrant County College District.*

(2)    The undersigned counsel of record certifies that the following listed persons and entities described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.  These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Amici curiae in support of Plaintiff-Appellant:**
**AARP, AARP Foundation, Disability Rights Texas, and the National Employment Lawyers Association**

**Plaintiff Christy Williams**

**Defendant Tarrant County College District**

**Attorneys:**

**For amici curiae**:
Brian East, Disability Rights Texas
Daniel B. Kohrman, AARP and AARP Foundation
Dara S. Smith, AARP and AARP Foundation
William Alvarado Rivera, AARP and AARP Foundation
Matt Koski, National Employment Lawyers Association

**For Plaintiff William:**
Donald E. Uloth, Donald E. Uloth, P.C.

**For Defendant TCCD:**
Lu Pham and Lauren H. McDonald, Dowell Pham Harrison, LLP

   /s/ Brian East
BRIAN EAST

i

# RULE 29(c)(5) STATEMENT

Pursuant to Fed. R. App. P 29(c)(5), amici certify that: (A) no party's counsel authored this brief in whole or in part; (B) no party or party's counsel contributed money that was intended to fund preparing or submitting the brief; and (C) no person—other than the amicus curiae, its members, or its counsel—contributed money that was intended to fund preparing or submitting the brief.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .......................................................i

RULE 29(c)(5) STATEMENT ................................................................ ii

TABLE OF CONTENTS.................................................................... iii

TABLE OF AUTHORITIES ..................................................................v

IDENTITY OF AMICI CURIAE AND STATEMENT OF INTEREST .................1

SUMMARY OF ARGUMENT ................................................................3

ARGUMENT ...................................................................................4

I.    The District Court Applied the Wrong Legal Standards and
      Acted Contrary to Clear Circuit Authority When It Ruled, as a
      Matter of Law, That Ms. Williams Did Not Have a Disability
      Within the Meaning of the ADA...........................................................4

      A.    Proving a "Substantial Limitation" in a "Major Life
            Activity" Now Is Irrelevant to "Regarded As" Claims .............................4

      B.    The District Court Made Several Errors in Its "Actual
            Disability" Analysis That, in Combination, Result in
            Reversible Error....................................................................8

            1.   "Significant Restriction" No Longer Required ...................................8

            2.   Improper Focus on Pre-ADAAA Factors Rather Than
                 On Required Rules of Construction ......................................11

            3.   Ability To Do One's Job Without Restrictions Is Not
                 Inconsistent With An "Actual" Disability..........................................12

            4.   Expert Testimony Was Not Required Here .......................................14

            5.   Williams's Declaration Was Far From Conclusory ...........................16

CONCLUSION ................................................................................................. 20

CERTIFICATE OF COMPLIANCE ........................................................... 21

CERTIFICATE OF SERVICE ...................................................................... 22

# TABLE OF AUTHORITIES

## CASES

*Ariza v. Loomis Armored US, L.L.C.*, No. 16-30131,
___ F. App'x ___, 2017 WL 218011 (5th Cir. Jan. 18, 2017) ............................7

*Binger v. Anderson Enterprises*, No. 1:13CV150-SA-DAS,
2015 WL 461753 (N.D. Miss. Feb. 4, 2015) ........................................6

*Brown v. City of Jacksonville*,
711 F.3d 883 (8th Cir. 2013) ..................................................6

*Burton v. Freescale Semiconductor, Inc.*,
798 F.3d 222 (5th Cir. 2015) ...............................................3, 6

*Cannon v. Jacobs Field Servs. N. Am., Inc.*,
813 F.3d 586 (5th Cir. 2016) ..........................................3, 5, 6, 12, 13

*Clark v. Am.'s Favorite Chicken Co.*,
110 F.3d 295 (5th Cir. 1997) ..................................................16

*Clark v. Boyd Tunica, Inc.*, No. 314CV00204MPMJMV,
2016 WL 853529 (N.D. Miss. Mar. 1, 2016) ....................................10

*Climer v. Harrah's Entm't, Inc.,* No. 2:12-CV-00047-DMB,
2014 WL 4692067 (N.D. Miss. July 23, 2014) ...................................6

*Dooley v. JetBlue Airways Corp.*,
636 F. App'x 16 (2d Cir. 2015) .........................................10

*Drechsel v. Liberty Mut. Ins. Co.*, No. 3:14-CV-162-KS-BN,
2016 WL 6139097 (N.D. Tex. Oct. 20, 2016)...................................6

*Durukan Am., LLC v. Rain Trading, Inc.*,
787 F.3d 1161 (7th Cir. 2015) .........................................16

*E.E.O.C. v. AutoZone, Inc.*,
630 F.3d 635 (7th Cir. 2010) .........................................14

*E.E.O.C. v. Chevron Phillips Chem. Co., LP,*
　　570 F.3d 606 (5th Cir. 2009) ...............................................................8

*Feliciano v. City of Miami Beach,*
　　707 F.3d 1244 (11th Cir. 2013) .........................................................16

*Fisher v. Hirsch*, No. CIV.A. H-12-1114,
　　2013 WL 3899324 (S.D. Tex. July 29, 2013) ...................................10

*Hawkins v. AT & T*, No. 3:12-CV-1173-L,
　　2013 WL 4505154 (N.D. Tex. Aug. 23, 2013) ....................................7

*Haynes v. Williams,*
　　392 F.3d 478 (D.C. Cir. 2004)...........................................................14

*Head v. Glacier Northwest Inc.,*
　　413 F.3d 1053 (9th Cir. 2005) ...........................................................14

*Heinsohn v. Carabin & Shaw, P.C.,*
　　832 F.3d 224 (5th Cir. 2016) .............................................................16

*Hickman v. Exxon Mobile*, No. CIV.A. H-10-5175,
　　2012 WL 9100358 (S.D. Tex. Sept. 27, 2012)...................................10

*Hilton v. Wright,*
　　673 F.3d 120 (2d Cir. 2012) ................................................................6

*Jacobs v. N.C. Admin. Office of the Courts,*
　　780 F.3d 562 (4th Cir. 2015) .............................................................10

*Kemp v. Holder,*
　　610 F.3d 231 (5th Cir. 2010) .........................................................5, 8

*Kendall v. Walgreen Co.*, No. A-12-CV-847-AWA,
　　2014 WL 1513960 (W.D. Tex. Apr. 16, 2014) ....................................7

*Lawson v. CertainTeed Corp.*, No. CV 1:16-0238,
　　2017 WL 66579 (W.D. La. Jan. 4, 2017) .........................................10

*Lupyan v. Corinthian Colleges Inc.*,
  761 F.3d 314 (3d Cir. 2014) ...............................................................16

*Mann v. Louisiana High Sch. Athletic Ass'n*,
  535 F. App'x 405 (5th Cir. 2013) .......................................................10

*Martin v. St. Luke's Episcopal Hosp.*, No. CIV.A. H-13-0718,
  2014 WL 4810303 (S.D. Tex. Sept. 23, 2014) ...................................10

*Mazzeo v. Color Resolutions Int'l, LLC*,
  746 F.3d 1264 (11th Cir. 2014) .........................................................10

*McMann v. Greystar Mgmt. Servs., LP*, No. 1:12-CV-909,
  2013 WL 6243847 (W.D. Tex. Dec. 2, 2013) .....................................7

*Mercer v. Arbor E & T, LLC*, No. 11–3600,
  2013 WL 164107 (S.D. Tex. Jan.15, 2013)...................................13, 15

*Milholland v. Sumner County Bd. of Educ.*,
  569 F.3d 562 (6th Cir. 2009) ..............................................................6

*Nigro v. Sears, Roebuck & Co.*,
  784 F.3d 495 (9th Cir. 2015) .............................................................16

*Payne v. Fanning*, No. 1:13-CV-02732,
  2016 WL 4499025 (W.D. La. June 22, 2016) .....................................6

*Sanchez v. Vilsack*,
  695 F.3d 1174 (10th Cir. 2012) .........................................................16

*Sechler v. Modular Space Corp.*,
  2012 WL 1355586 (S.D. Tex. Apr. 18, 2012)....................................15

*Suggs v. Cent. Oil of Baton Rouge, LLC*, No. CIV.A. 13-25-RLB,
  2014 WL 3037213 (M.D. La. July 3, 2014) ......................................13

*Summers v. Altarum Institute, Corp.*,
  740 F.3d 325 (4th Cir. 2014) .............................................................13

*Toro v. Fed. Express Corp.*, No. 4:15-CV-1448,
    2016 WL 4800900 (S.D. Tex. Sept. 14, 2016) ....................................6

*Toyota Motor Mfg., Kentucky, Inc. v. Williams*,
    534 U.S. 184 (2002)...............................................................13, 14, 15

*Waldrip v. Gen. Elec. Co.*,
    325 F.3d 652 (5th Cir. 2003) .................................................................19

*Walsh v. N.Y. City Hous. Auth.*,
    828 F.3d 70 (2d Cir. 2016) ....................................................................16

*Williams v. Tarrant County College District*,
    No. 4:15-cv-241-O (N.D. Tex. Nov. 22, 2016) .............................4, 14

*Wingfield v. Claiborne Cty. Family Health Ctr.*, No. 5:12CV13DCB-JMR,
    2013 WL 1752406 (S.D. Miss. Apr. 23, 2013) ....................................7

## STATUTES AND REGULATIONS

42 U.S.C. § 12102(1) ..............................................................................5

42 U.S.C. § 12102(3)(A).........................................................................5

42 U.S.C. § 12102(3)(B).......................................................................7, 8

42 U.S.C. § 12102(4)(A).......................................................................18

42 U.S.C. § 12102(4)(D).......................................................................19

42 U.S.C. § 12102(4)(E)(i) ...................................................................18

42 U.S.C. § 12112(a) ...............................................................................5

42 U.S.C. § 12201(h) ...............................................................................5

Pub. L. No. 110–325, § 2(a)(8), 122 Stat. 3553 (Sep. 25, 2008)..............9

Pub. L. No. 110–325, § 2(b)(6), 122 Stat. 3553 (Sep. 25, 2008) ............................9

29 C.F.R. § 1630.1(c)(4) ...........................................................18

29 C.F.R. § 1630.2(g)(1)(iii) .......................................................6

29 C.F.R. § 1630.2(g)(2) ............................................................5

29 C.F.R. § 1630.2(g)(3) ............................................................5

29 C.F.R. § 1630.2(j) ................................................................8

29 C.F.R. § 1630.2(j)(1)(i) ..................................................9, 11, 12

29 C.F.R. § 1630.2(j)(1)(ii) ....................................................9, 10

29 C.F.R. § 1630.2(j)(1)(iii) ......................................................11

29 C.F.R. § 1630.2(j)(1)(v) ........................................................15

29 C.F.R. § 1630.2(j)(1)(vi) ...................................................11, 18

29 C.F.R. § 1630.2(j)(1)(vii) ..................................................11, 19

29 C.F.R. § 1630.2(j)(2) ............................................................6

29 C.F.R. § 1630.2(j)(3)(iii) ......................................................11

29 C.F.R. § 1630.2(j)(5)(v) ........................................................18

29 C.F.R. § 1630.2(l)(1) ............................................................6

29 C.F.R. § 1630.15(f) .............................................................7

**OTHER SOURCES**

Donald J. Kochan, *While Effusive, "Conclusory" Is Still Quite Elusive: The Story of A Word, Iqbal, and A Perplexing Lexical Inquiry of Supreme Importance*, 73 U. Pitt. L. Rev. 215 (Winter 2011)............................16

Statement of the Managers To Accompany S. 3406, the Americans with Disabilities Act Amendments Act of 2008, 154 Cong. Rec. S8840-01, 2008 WL 4223414 (Sept. 16, 2008) ..............................................................9

## IDENTITY OF AMICI CURIAE AND
## STATEMENT OF INTEREST

**AARP** is a nonprofit, nonpartisan organization dedicated to fulfilling the needs and representing the interests of people age fifty and older. AARP fights to protect older people's financial security, health, and well-being. AARP's charitable affiliate, **AARP Foundation**, creates and advances effective solutions that help low-income individuals fifty and older secure the essentials. Among other things, AARP and AARP Foundation combat age and disability-based workplace discrimination against older workers, including through participation as amici curiae in the federal courts. *See, e.g., Flynn v. Distinctive Home Care, Inc*., 812 F.3d 422 (5th Cir. 2016); *Rodriguez v. Conagra Grocery Products Co*., 436 F.3d 468 (5th Cir. 2006); *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184 (2002). AARP and AARP Foundation are dedicated to ensuring that older (as well as younger) individuals with disabilities have the equal work opportunities that federal law, including the Americans with Disabilities Act, strives to create.

**Disability Rights Texas** is a nonprofit organization authorized to protect the legal rights of people with disabilities under the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. §§ 6001 *et seq*., the Protection and Advocacy for Individuals with Mental Illness Act, 42 U.S.C. §§ 1081 *et seq*., and the Protection and Advocacy of Individual Rights Program of the Rehabilitation Act of 1973, 29 U.S.C. § 794e. Disability Rights Texas is designated as the "protection

1

and advocacy" system for the State of Texas.  In accordance with its federal mandate, Disability Rights Texas has the authority, among other things, to pursue administrative, legal and other appropriate remedies to ensure the protection of rights of persons with disabilities.  42 U.S.C. § 6042(2); 42 U.S.C. § 10805(a)(1).  Because many individuals with disabilities encounter discrimination in a variety of employment settings, amicus is concerned about the implications that this Court's decision will have for Texans with disabilities.

The **National Employment Lawyers Association** (NELA) is the largest professional membership organization in the country comprising lawyers who represent workers in labor, employment and civil rights disputes.  Founded in 1985, NELA advances employee rights and serves lawyers who advocate for equality and justice in the American workplace.  NELA and its 69 circuit, state, and local affiliates have a membership of over 4,000 attorneys who are committed to working on behalf of those who have been illegally treated in the workplace.  NELA's members litigate daily in every circuit, affording NELA a unique perspective on how the principles announced by the courts in employment cases actually play out on the ground. NELA strives to protect the rights of its members' clients, and regularly supports precedent-setting litigation affecting the rights of individuals in the workplace.

## SUMMARY OF ARGUMENT

In the ADA Amendments Act of 2008 (ADAAA), Congress substantially changed the definition of disability under the Americans with Disabilities Act (ADA). Unfortunately, the District Court mistakenly applied a *pre*-ADAAA analysis to a *post*-ADAAA claim. In doing so, the court made several fundamental errors.

As to Ms. Williams's claim of a "regarded as" disability, the court required proof that the employer perceived her to be substantially limited in a major life activity, even though the ADAAA expressly rejects this, as this Court twice has recognized, in *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 591–92 (5th Cir. 2016), and *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 230 (5th Cir. 2015).

As to the claim of "actual" disability, the court erred in several ways. It required proof that the plaintiff's impairment "significantly restricted" a major life activity, which again the ADAAA expressly rejected. It also relied on the EEOC's pre-ADAAA regulations and, thus, failed to apply the Rules of Construction mandated by the ADAAA. The lower court also wrongly stated that the ability to do one's job contradicts a claim of "actual" disability. And, finally, the court labeled "conclusory" Ms. Williams's very detailed factual testimony.

3

Each of the District Court's positions listed above is demonstrably wrong. Unfortunately, other courts continue to make these same errors in post-ADAAA cases, notwithstanding this Court's rulings applying the ADAAA. Amici, therefore, request that this Court correct these errors—in clear and unmistakable terms so that they are not replicated in the future—and remand for further proceedings.

## ARGUMENT

### I.     THE DISTRICT COURT APPLIED THE WRONG LEGAL STANDARDS AND ACTED CONTRARY TO CLEAR CIRCUIT AUTHORITY WHEN IT RULED, AS A MATTER OF LAW, THAT MS. WILLIAMS DID NOT HAVE A DISABILITY WITHIN THE MEANING OF THE ADA

#### A.     Proving a "Substantial Limitation" in a "Major Life Activity" Now Is Irrelevant to "Regarded As" Claims.

The District Court applied an analysis to Ms. Williams's "regarded as" disability that Congress expressly overruled in the ADA Amendments Act of 2008 (ADAAA).

The District Court began by correctly observing that "TCCD does not dispute that Williams may have an impairment . . . ." *Williams v. Tarrant County College District*, No. 4:15-cv-241-O, slip op. at 11 (N.D. Tex. Nov. 22, 2016), *citing* Br.

4

Mot. Summ. J. (ECF No. 24) at 10–11.[1] The error came with the court's finding that the plaintiff did not have a "regarded as" disability.[2]

The court held that in order for Ms. Williams to have a disability under the third prong of the ADA's definition, she must show that "TCCD regarded her as having an impairment that substantially limits a major life activity." *Id.*, slip op. at 13. For this proposition the court cited *Kemp v. Holder*, 610 F.3d 231 (5th Cir. 2010). But the decision in *Kemp*, although issued post-ADAAA, actually applied *pre*-ADAAA standards, because the claim in that case was premised on facts that arose prior to the effective date of the ADAAA. *Id.* at 236 (rejecting effort to apply ADAAA retroactively). Its pre-ADAAA analysis is, thus, inapposite here.

The ADAAA, which became effective January 1, 2009, completely changed the "regarded as" definition. Under the ADAAA, an individual is "regarded as" having a disability if the individual is subjected to a prohibited act "because of an actual or perceived physical or mental impairment *whether or not* the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A) (emphasis added); *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 591–

---

[1] Ms. Williams's conditions included Post-Traumatic Stress Disorder ("PTSD"), hypothyroidism, ADHD, depression, anxiety, and dysthymia. Slip op. at 1–2.

[2] Although a "regarded as" disability will not support an accommodation claim, 42 U.S.C. § 12201(h), it will support any other claim of disability discrimination. 29 C.F.R. § 1630.2(g)(2) and (3); *see also* 42 U.S.C. § 12112(a) (prohibiting discrimination on the basis of "disability") and 42 U.S.C. § 12102(1) (defining disability as including any of the three prongs, i.e., "actual," "record of," or "regarded as").

92 (5th Cir. 2016) (emphasis in opinion); *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 230 (5th Cir. 2015) (quoting statute without emphasis); *see also* 29 C.F.R. §§ 1630.2(g)(1)(iii) and 1630.2(l)(1) (using substantially similar language).

As this Court has recognized, the "ADAAA overrules prior authority requiring a plaintiff to show that the employer regarded him or her as being substantially limited in a major life activity." *Burton*, *supra*, 798 F.3d at 230 (internal quotes omitted). A plaintiff "need only show that her employer perceived her as having an impairment and that it discriminated against her on that basis." *Id*. (internal quotes and brackets omitted). *Accord Cannon*, *supra*, 813 F.3d at 591–92. Thus, "[w]hether an individual's impairment 'substantially limits' a major life activity is not relevant to coverage under . . . (the 'regarded as' prong) of this section." 29 C.F.R. § 1630.2(j)(2). Other circuits are consistent on this point.[3]

The District Court's error in this regard is plain. It is also one that trial courts within this Circuit continue to make, even after both *Burton* and *Cannon*.[4] This

---

[3] *Brown v. City of Jacksonville*, 711 F.3d 883, 889 (8th Cir. 2013); *Hilton v. Wright*, 673 F.3d 120, 129 (2d Cir. 2012); *Milholland v. Sumner County Bd. of Educ.*, 569 F.3d 562, 566 (6th Cir. 2009).
[4] For example, in each of the following cases, the court mistakenly held that "regarded as" required proof that the employer erroneously perceived the plaintiff as having an impairment that substantially limited a major life activity: *Drechsel v. Liberty Mut. Ins. Co.*, No. 3:14-CV-162-KS-BN, 2016 WL 6139097, at *5 (N.D. Tex. Oct. 20, 2016) (granting summary judgment to defendant on disability grounds), *appeal pending*; *Toro v. Fed. Express Corp.*, No. 4:15-CV-1448, 2016 WL 4800900, at *5 (S.D. Tex. Sept. 14, 2016) (same); *Payne v. Fanning*, No. 1:13-CV-02732, 2016 WL 4499025, at *15 (W.D. La. June 22, 2016) (similar), *report and recommendation adopted*, No. 1:13-CV-02732, 2016 WL 4499035 (W.D. La. Aug. 23, 2016); *Binger v. Anderson Enterprises*, No. 1:13CV150-SA-DAS, 2015 WL 461753, at *6 (N.D. Miss. Feb. 4, 2015) (citing standard in pre-ADAAA case law but denying summary judgment on that issue); *Climer v. Harrah's Entm't, Inc.*, No. 2:12-CV-00047-DMB, 2014 WL 4692067, at *10 (N.D. Miss. July 23,

Court should correct it once again, and admonish courts in this Circuit to follow the ADAAA.

The District Court's error also was harmful here. According to the District Court, Ms. Williams's regarded-as claim failed because, although there was sufficient evidence that the decision-makers knew of the impairments,[5] there was no evidence that they had information or perceptions about whether the impairments were substantially limiting.[6] Yet, under the ADAAA, the former (knowledge of impairment) is sufficient,[7] and the latter (belief in substantial limitation) is irrelevant.

---

2014) (citing standard in pre-ADAAA case law and granting summary judgment to defendant on that issue); *Kendall v. Walgreen Co*., No. A-12-CV-847-AWA, 2014 WL 1513960, at *8 (W.D. Tex. Apr. 16, 2014) (similar); *McMann v. Greystar Mgmt. Servs., LP*, No. 1:12-CV-909, 2013 WL 6243847, at *5 (W.D. Tex. Dec. 2, 2013) (citing standard in pre-ADAAA case law but denying summary judgment on that issue); *Hawkins v. AT & T*, No. 3:12-CV-1173-L, 2013 WL 4505154, at *4 (N.D. Tex. Aug. 23, 2013) (citing pre-ADAAA case law and granting motion to dismiss on that issue); *Wingfield v. Claiborne Cty. Family Health Ctr*., No. 5:12CV13DCB-JMR, 2013 WL 1752406, at *3 (S.D. Miss. Apr. 23, 2013) (citing pre-ADAAA case law and granting summary judgment to defendant on that issue).

Although this Court has also cited pre-ADAAA "regarded as" authority in a post-ADAAA case, that opinion was non-precedential. Moreover, that part of the opinion was in effect dicta; the Court found sufficient evidence—in support of the jury verdict for the defendant—that the plaintiff did not have the condition she claimed, and in any event the decisionmakers did not know about it. *Ariza v. Loomis Armored US, L.L.C.*, No. 16-30131, ___ F. App'x ___, 2017 WL 218011, at *2–3 (5th Cir. Jan. 18, 2017) (*per curiam*) (affirming judgment on the verdict for defendant).

[5] Slip op. at 14 ("In her declaration, Williams states that she told her immediate supervisors Mr. Herrera and Ms. Biber about her PTSD, depression, anxiety, and ADHD prior to the events on November 13, 2012.").

[6] Slip op. at 14 ("While the two forms outline limitations to major life activities, . . . [w]ithout evidence that her supervisors received these forms, Williams cannot show that they had any grounds to believe her impairments substantially limited a major life activity. Williams offers no other evidence that, even if her supervisors were aware of her impairments, they regarded her as substantially limited in any major life activity. The mere fact that Williams notified her supervisors of alleged impairments is not sufficient evidence for a reasonable jury to conclude that Williams's supervisors regarded her as disabled.").

[7] Although impairments that are both transitory and minor are insufficient for a "regarded as" claim, 42 U.S.C. § 12102(3)(B), that is a defense, 29 C.F.R. § 1630.15(f), and TCCD never pled

## B. The District Court Made Several Errors in Its "Actual Disability" Analysis That, in Combination, Result in Reversible Error.

### 1. *"Significant Restriction" No Longer Required*

First, the lower court held that in order to show an "actual" disability, Ms. Williams had "to be unable to perform a major life activity that the average person in the general population can perform, or [had] to be significantly restricted in the ability to perform it." Slip op. at 10. For this proposition the court cited *E.E.O.C. v. Chevron Phillips Chem. Co.*, LP, 570 F.3d 606 (5th Cir. 2009). But *Chevron Phillips* (like *Kemp v. Holder*, discussed above) was another pre-ADAAA case, as it concerned claims that arose in 2003 (five years before the ADAAA was passed). *Id.* at 612.

The District Court noted that *Chevron Phillips* based its "significantly restricted" language on the ADA regulation at 29 C.F.R. § 1630.2(j). When *Chevron Phillips* was decided, that regulation did include such language. 29 C.F.R. Part 1630, 56 Fed. Reg. 35726, 35735 (July 26, 1991). But in the ADAAA, Congress

---

or argued it; neither term appears in the Defendant's Brief in Support of Summary Judgment (ECF No. 24) or the Defendant's Original Answer (ECF No. 5). Regardless, the evidence reflects that Ms. Williams had PTSD since an early childhood trauma, Decl. at 10, ¶ 30, was diagnosed with PTSD and depression in 1988, *id.*, and had various periods of increased symptoms as far back as 1993. *Id.*, ¶ 31. Similarly, Ms. Williams has had ADHD since early childhood, Decl. at 9, ¶ 27, which worsened in 1997. *Id.*, ¶ 28. Moreover, Ms. Williams told the decision-makers about her ADHD at least as far back as the fall of 2011, and discussed her depression and PTSD with them at least as far back as the spring of 2012. Decl. at 9, ¶ 26. So these impairments are not transitory. 42 U.S.C. § 12102(3)(B) ("transitory" means having an actual or expected duration of six months or less). Ms. Williams's description of her conditions show that they are also far from "minor."

found this standard "inconsistent with congressional intent, by expressing too high a standard," Pub. L. No. 110–325, § 2(a)(8), 122 Stat. 3553 (Sep. 25, 2008). One purpose of the ADAAA was to "express Congress' expectation that the Equal Employment Opportunity Commission will revise that portion of its current regulations." *Id.*, § 2(b)(6).[8]

The post-ADAAA version of that regulation is quite different. It now states:

- "An impairment need not prevent, *or significantly or severely restrict*, the individual from performing a major life activity in order to be considered substantially limiting." 29 C.F.R. § 1630.2(j)(1)(ii) (emphasis added) (thus expressly rejecting the significantly-restricted standard).

- "The term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA." 29 C.F.R. § 1630.2(j)(1)(i).

- "'Substantially limits' is not meant to be a demanding standard." *Id.*

The District Court, therefore, required a standard of proof that Congress and the EEOC both rejected.

This Court has noted the above changes (though in a non-precedential opinion), quoting the statute in finding that the "ADA Amendments Act of 2008 expressly stated that both the 'severely restricts' and the 'significantly restricts' standards of defining substantial limitation were too stringent, and that 'the

---

[8] The legislative history is consistent. *See* Statement of Managers, 154 Cong. Rec. S8840-01, S8843, 2008 WL 4223414 (Sept. 16, 2008) ("We also expect that the [EEOC] will revise the portion of its ADA regulations that defines 'substantially limits' . . . given the clear inconsistency of that portion of the regulation with the intent of this legislation.").

definition of disability in this Act shall be construed in favor of broad coverage of

individuals under this Act.'" *Mann v. Louisiana High Sch. Athletic Ass'n*, 535 F.

App'x 405, 410 (5th Cir. 2013).[9]   Other circuit courts are consistent, further

clarifying the District Court's error. *See Jacobs v. N.C. Admin. Office of the Courts*,

780 F.3d 562, 573 (4th Cir. 2015) ("The ADAAA expressly rejected this

[significantly restricted] rule as imposing 'too high a standard.'") (quoting statute);

*Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 21 (2d Cir. 2015) ("an

impairment need not prevent, or significantly or severely restrict, the individual from

performing a major life activity in order to be considered substantially limiting")

(internal quotes omitted); *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264,

1269 (11th Cir. 2014) (similar, citing 29 C.F.R. § 1630.2(j)(1)(ii)).   Yet this, too,

remains a repeated error by courts within the Circuit.[10]   A clear statement by this

Court is required to carry out Congress' intent and the statutory language.

---

[9] *Mann* involved a request for a preliminary injunction, and the Court found that, although the plaintiff might ultimately prevail on disability, 535 F. App'x at 412, there was insufficient evidence to show a substantial likelihood of success because there were no facts in the record. *Id.* at 411–12.

[10] *See, e.g., Lawson v. CertainTeed Corp.*, No. CV 1:16-0238, 2017 WL 66579, at *2 (W.D. La. Jan. 4, 2017) (granting motion to dismiss ADA claims, citing pre-ADAAA regulation stating that substantial limitation requires evidence that the plaintiff is either unable to perform a major life activity, or is "significantly restricted" in doing so); *Clark v. Boyd Tunica, Inc.*, No. 314CV00204MPMJMV, 2016 WL 853529, at *3 (N.D. Miss. Mar. 1, 2016) (similar, granting summary judgment to defendant on disability grounds), *aff'd on other grounds*, 665 F. App'x 367 (5th Cir. Dec. 9, 2016); *Martin v. St. Luke's Episcopal Hosp.*, No. CIV.A. H-13-0718, 2014 WL 4810303, at *6 (S.D. Tex. Sept. 23, 2014) (citing pre-ADAAA case law, but granting summary judgment to defendant on other grounds); *Fisher v. Hirsch*, No. CIV.A. H-12-1114, 2013 WL 3899324, at *11 (S.D. Tex. July 29, 2013) (same; granting summary to defendant on disability grounds); *Hickman v. Exxon Mobile*, No. CIV.A. H-10-5175, 2012 WL 9100358, at *6 (S.D. Tex.

2.     *Improper Focus On Pre-ADAAA Factors Rather Than On Required Rules of Construction*

The District Court also cited the pre-ADAAA factors used to assess substantial limitation, again citing pre-ADAAA case law and the pre-ADAAA regulation. Slip op. at 10–11. But again, that regulation has greatly changed. The original factors are gone, replaced by nine Rules of Construction, including the requirements that:

- Substantial limitation be construed broadly in favor of expansive coverage, to the maximum extent permitted. 29 C.F.R. § 1630.2(j)(1)(i).

- The issue of "substantially limits" should not demand extensive analysis. 29 C.F.R. § 1630.2(j)(1)(iii).

- The substantial-limitation determination must be made without regard to the ameliorative effects of mitigating measures. 29 C.F.R. § 1630.2(j)(1)(vi).

- An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active. 29 C.F.R. § 1630.2(j)(1)(vii).

This regulation also analyzes the medical and scientific facts of several different conditions, and, as a result, states that PTSD, one of Ms. Williams's impairments, slip op. at 1–2, is virtually always a disability under the ADAAA. 29 C.F.R. § 1630.2(j)(3)(iii).

---

Sept. 27, 2012) (citing pre-ADAAA regulation, but granting summary judgment to defendant on other grounds), *aff'd on other grounds sub nom. Hickman v. Exxon Mobil*, 540 F. App'x 277 (5th Cir. 2013).

The District Court neither cited nor followed any of the above Rules of Construction. Rather, the District Court declined to discuss the particulars of Ms. Williams's impairments and, thus, construed them in a very narrow fashion, rather than "broadly, in favor of expansive coverage, to the maximum extent permitted." 29 C.F.R. § 1630.2(j)(1)(i). The District Court also gave unjustified weight to Ms. Williams's decision not to present "extensive analysis" of "disability" in the form of expert testimony by a medical professional. In addition, as noted below, the District Court wholly ignored—in assessing the severity of Ms. Williams's impairments— her testimony regarding "the ameliorative effects of mitigating measures"—such as medication and therapy—that she took, and the fact that "when active," some of her impairments were far more severe than during periods of remission or moderation. Such wholesale bypassing of the ADAAA was error.

> 3. *Ability To Do One's Job Without Restrictions Is Not Inconsistent With An "Actual" Disability*

The District Court found that Ms. Williams's testimony about her limitations was "contradicted by the Certification of Fitness for Duty form . . . [that] indicated that she was 'able to work a full, regularly scheduled day with no restrictions.'" The lower court also found that "[t]his does not suggest a person who has difficulty leading a normal life." Slip op. at 12. These statements are contrary to law.

The fact that a condition does not interfere with a person's job duties in no way undercuts a showing of disability. *See, e.g., Cannon v. Jacobs Field Servs. N.*

*Am., Inc.*, 813 F.3d 586, 591 n.3 (5th Cir. 2016) (district court relied on plaintiff's statements that he was able to climb a ladder and needed no accommodation at work, "[b]ut these statements do not undermine the evidence indicating that his injury substantially limits his ability to lift, which is all that is required"). *See also Summers v. Altarum Institute, Corp*., 740 F.3d 325, 331 (4th Cir. 2014) ("If the fact that a person could work with the help of a wheelchair meant he was not disabled under the Act, the ADA would be eviscerated."); *Suggs v. Cent. Oil of Baton Rouge, LLC*, No. CIV.A. 13-25-RLB, 2014 WL 3037213, at *4 (M.D. La. July 3, 2014) ("The very existence of the ADA recognizes that a disability and gainful employment are not mutually exclusive."), *quoting Mercer v. Arbor E & T, LLC*, No. 11–3600, 2013 WL 164107, at *13 (S.D. Tex. Jan.15, 2013). This was true even before the ADAAA. *See, e.g., Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 201 (2002) ("There is also no support in the Act, our previous opinions, or the regulations for the Court of Appeals' idea that the question of whether an impairment constitutes a disability is to be answered only by analyzing the effect of the impairment in the workplace.").

The District Court also found that disability is inconsistent with "leading a normal life." Slip op. at 12. This doubtless comes as a great surprise to many people with disabilities who do live "normal" lives. In any event, this statement finds no support in the statute, regulations, or ADAAA case law.

13

### 4. *Expert Testimony Was Not Required Here*

The District Court held that a "self-serving declaration, without medical documentation," is insufficient to establish an "actual" disability as a matter of law. Slip op. at 12. That is incorrect as to both points.

First, even before the ADAAA, courts recognized that experts were not always required to establish an ADA disability. *See, e.g., E.E.O.C. v. AutoZone, Inc.*, 630 F.3d 635, 643–44 (7th Cir. 2010) ("No language in the ADA or implementing regulations states that medical testimony is required. In fact, the Supreme Court has concluded very much to the contrary. The *Williams* Court noted that it is 'insufficient for individuals attempting to prove disability status . . . to merely submit evidence of a medical *diagnosis* of an impairment. Instead, the ADA requires those claiming the Act's protection to prove a disability by offering evidence that the extent of the limitation caused by their impairment *in terms of their own experience* is substantial.'"), *quoting Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002) (emphasis supplied); *Head v. Glacier Northwest Inc.*, 413 F.3d 1053, 1058 (9th Cir. 2005) ("Rather, our precedent supports the principle that a plaintiff's testimony may suffice to establish a genuine issue of material fact."); *Haynes v. Williams*, 392 F.3d 478, 482 (D.C. Cir. 2004) ("Whatever the comparative credibility of medical versus personal testimony, a plaintiff's

14

personal testimony cannot be inadequate to raise a genuine issue regarding his 'own experience.'"), *citing Toyota Motor*, *supra*.

Moreover, under the ADAAA, assessing substantial limitation by comparing manifestations of a plaintiff's impairments to those of most people "usually will not require scientific, medical, or statistical analysis." 29 C.F.R. § 1630.2(j)(1)(v). *See also Mercer v. Arbor E & T, LLC*, No. 11-cv-3600, 2013 WL 164107, at *13 (S.D. Tex. Jan. 15, 2013) (plaintiff's own testimony that she had decreased concentration was sufficient to defeat summary judgment; comparison to most people in the general population usually will not require scientific, medical, or statistical analysis; "substantially limits" is not the primary focus and should not demand extensive analysis); *Sechler v. Modular Space Corp.*, 2012 WL 1355586, at *11 (S.D. Tex. Apr. 18, 2012) (in light of Congress' demand for broad construction of disability, court found plaintiff's own testimony—that alcoholism caused difficulty thinking, concentrating, communicating, and interacting with others—sufficient to establish unique limitations as compared to most people, for purposes of defeating summary judgment).

Second, the District Court criticized Ms. Williams's declaration as "self-serving." Slip op. at 12. This is confusing because a non-movant's summary-judgment testimony is proper even if self-serving. As this Court has observed, "[t]o hold otherwise would signal that an employee's account could never prevail over an

15

employer's.  This would render an employee's protections against discrimination meaningless."  *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 245 (5th Cir. 2016).  Other Circuits say the same thing.[11]  Statements like this one reflect the weighing of evidence and indulging inferences against the non-movant, both of which are improper at summary judgment.

### 5.    *Williams's Declaration Was Far From Conclusory*

Finally, the District Court dismissed Ms. Williams's declaration as "conclusory."  That term has been criticized as meaning different things to different people and in different contexts,[12] but one definition is stating ultimate or conclusory facts or legal conclusions of law without any specific factual statements or evidence.  *Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997).  *See also* Black's Law Dictionary (10th ed. 2014) ("[e]xpressing a factual inference without stating the underlying facts on which the inference is based").

The District Court found that Ms. Williams merely stated "in conclusory fashion that her impairments make it difficult to think, concentrate, take care of herself, sleep, and live a normal life."  Slip op. at 12, *citing* Williams Declaration,

---

[11] *See, e.g., Walsh v. N.Y. City Hous. Auth.*, 828 F.3d 70, 79–80 (2d Cir. 2016); *Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1164 (7th Cir. 2015); *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497–98 (9th Cir. 2015); *Lupyan v. Corinthian Colleges Inc.*, 761 F.3d 314, 320–21 (3d Cir. 2014); *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013); *Sanchez v. Vilsack*, 695 F.3d 1174, 1180 n.4 (10th Cir. 2012).

[12] Donald J. Kochan, *While Effusive, "Conclusory" Is Still Quite Elusive: The Story of A Word, Iqbal, and A Perplexing Lexical Inquiry of Supreme Importance*, 73 U. Pitt. L. Rev. 215 (Winter 2011).

App. 20–21, ECF No. 30-1.  Again, this is confusing because the declaration did far

more.  Ms. Williams testified under oath, and in great detail, that:

- She had PTSD related to sexual abuse in early childhood.  ¶ 30.

- Even 20 years later, in college, she had nightmares, flashbacks, depression, avoidance behavior, and startle reactions, and required therapy.  ¶ 30.

- Five years after that, her "emotional state deteriorated significantly to the point where I could barely function"; she had trouble falling and staying asleep, to the point that she would be exhausted in the morning; the physical fatigue and emotional drain made it almost impossible to shower, dress, or get out the door and go to work; she "felt like I was in a deep dark emotional pit with a black cloud over me, isolated from the rest of the world above." ¶ 31.

- This depressive episode lasted for two years, ¶ 32, and eventually improved with medication.  ¶¶ 34–35.  But she had relapses every couple of years, again treated by medication.  ¶¶ 36–38.

- In 2012 Ms. Williams was again assaulted while on a date, resulting in depression, tearfulness, and extremely high anxiety.  ¶ 39–40.  These initially intense symptoms lasted several weeks, and made it very difficult to function or work.  ¶ 40.  But her overall symptoms lasted for nearly eight months, making it hard to go to work, causing stomach and bowel symptoms resulting in physical pain.  ¶ 41.

- The months of symptoms weighed her down "like a very heavy suit of clothes that I . . . couldn't take off," and she stopped going out with friends, socializing, and taking classes.  She had trouble forming thoughts and communicating.  She had to force herself to run errands or buy food, and had to limit those errands as much as possible, all of was emotionally taxing and exhausting.  Simple tasks of everyday living were a great challenge.  ¶ 42.

- Ultimately, a fairly minor criticism at work caused her "to crack emotionally," she could not hold herself together emotionally, and she

began to cry uncontrollably and rambling. ¶ 43.  Ms. Williams had to take leave, including FMLA leave.  ¶¶ 45–51.

- Ms. Williams was unable to think clearly, felt intensely sad and hopeless, found it nearly impossible to function in daily life, and was incredibly fatigued to the point that all she wanted to do was sleep.  She was also unable to form cogent thoughts and communicate normally with others, limited her social contacts, and lost interest in activities she had enjoyed before.  *Id.* at ¶ 58.

- Her symptoms were overpowering at times, and she would break out in a heavy sweat, her hands would shake, and her heart would pound.  She felt unable to breathe, "as if unseen hands were enclosing [her] neck."  Then she would feel hot, nauseous, and dizzy, and had headaches and body pains.  She continued to have flashbacks without warning, a sense of fear and panic, and became mistrustful.  ¶ 60–61.

- "But most troubling of all, [she] lost faith in God, which had previously been [her] greatest source of strength and hope."  ¶ 61.

- Eventually, her symptoms subsided with therapy and medication, and she was released back to work.  ¶ 52.

Under the ADAAA, the District Court was required by the Rules of Construction to construe the definition of disability "in favor of broad coverage . . . to the maximum extent permitted by the terms of this Act." 42 U.S.C. § 12102(4)(A); 29 C.F.R. § 1630.1(c)(4).  Plainly, the District Court did not do so, and this default surely contributed to a finding of no actual disability.

The ADAAA's Rules of Construction also require the lower court to assess Ms. Williams without regard to mitigating measures, 42 U.S.C. § 12102(4)(E)(i); 29 C.F.R. § 1630.2(j)(1)(vi), like medication, 42 U.S.C. § 12102(4)(E)(i), and therapy, 29 C.F.R. § 1630.2(j)(5)(v).  Moreover, because her symptoms were episodic, her

disability had to be assessed in its active state, 42 U.S.C. § 12102(4)(D); 29 C.F.R. § 1630.2(j)(1)(vii), when her symptoms were most pronounced.  There is little doubt that her testimony reflects a substantial limitation in various life activities, when viewed without mitigating measures and in the active state.

The court below likened this case to the pre-ADAAA decision in *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652 (5th Cir. 2003).  There, this Court observed that the plaintiff "just asserts his conclusion that 'pancreatitis is a serious condition that substantially limits his major life function of eating and digesting.'"  *Id.* at 656.  Not only is the ADAAA's broad-coverage mandate strikingly different from the "demanding standard" applicable to that case, but Ms. Williams's testimony is also strikingly different from Waldrip's testimony.  Ms. Williams did far more than "just assert" a disability.  Rather, she testified in great detail to the seriousness of her conditions and to the ways they substantially limited her in performing major life activities.  In this case, her testimony sufficed to create at least a genuine issue whether a reasonable jury would find that she had an actual disability under the ADA.

## CONCLUSION

The only basis for the dismissal of the ADA claim below was the finding of no disability.[13]  As a result, the District Court erred in dismissing Ms. Williams's disability discrimination claim.

Respectfully submitted,

   /s/ Brian East
BRIAN EAST
Texas Bar No. 06360800
DISABILITY RIGHTS TEXAS
2222 W. Braker Ln.
Austin, Texas 78758
(512) 454-4816 (Phone)
(512) 454-3999 (Fax)
beast@disabilityrightstx.org

DARA S. SMITH
DANIEL B. KOHRMAN
WILLIAM ALVARADO RIVERA
AARP FOUNDATION LITIGATION
601 E. Street, NW
Washington, DC 20049
(202) 434-6280 (Phone)
dsmith@aarp.org

MATT KOSKI
NATIONAL EMPLOYMENT LAWYERS
ASSOCIATION
2201 Broadway, Suite 402
Oakland, CA 94612
(415) 296-7629 (Phone)
mkoski@nelahq.org

*Attorneys for Amici Curiae*

---

[13] Slip op. at 15.

20

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) and FED. R. APP. P. 29(d), because this brief contains 5,297 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6), because this brief has been prepared in a proportionally spaced typeface using Microsoft Word software, in Times New Roman 14-point font in text, and Times New Roman 12-point font in footnotes.

     /s/ Brian East
BRIAN EAST

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of May, 2017, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the ECF system to all counsel of record:

Donald E. Uloth, *Counsel for Plaintiff-Appellant*
Donald E. Uloth, P.C.
18208 Preston Road,
Suite D-9 # 261
Dallas, Texas 75252

Lu Pham, *Counsel for Defendant-Appellee*
Dowell Pham Harrison, LLP
Tindall Square No. 2
505 Pecan St., Suite 101
Fort Worth, Texas 76102


  /s/ Brian East
BRIAN EAST